1  JAMES A. MARISSEN, CASB No. 257699
   james.marissen@kyl.com
2  CHRISTOPHER R. FARNSWORTH, CASB No. 286992
   chris.farnsworth@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate
   Long Beach, California  90802
5  Telephone:    (562) 436-2000
   Facsimile:    (562) 436-7416
6
7  Of Counsel
8  THOMAS L. TISDALE, CTSB No. 101741, NYFB No. TT5263
   ttisdale@tisdale-law.com
9  (Pro Hac Vice Application to be filed forthwith)
   TISDALE LAW OFFICES, LLC
10 10 Spruce Street
   Southport, Connecticut  06890
11 Telephone:    (203) 254-8474
12 Facsimile:    (203) 254-1641
13 Attorneys for Plaintiff
14 TRANSGROUP EXPRESS, LLC f/k/a
   TRANSGROUP EXPRESS, INC. d/b/a
15 TRANSGROUP WORLDWIDE LOGISTICS

16                    **UNITED STATES DISTRICT COURT**

17                   **CENTRAL DISTRICT OF CALIFORNIA**

18

19

20 TRANSGROUP EXPRESS, LLC f/k/a          ) Case No. 2:17-cv-1659
   TRANSGROUP EXPRESS, INC. d/b/a         )
   TRANSGROUP WORLDWIDE                   ) **COMPLAINT FOR DECLARATORY**
21 LOGISTICS,                             ) **JUDGMENT**
                                          )
22                          Plaintiff,    )
                                          )
23            vs.                         )
                                          )
24                                        )
   SPACE EXPLORATION                      )
25 TECHNOLOGIES, CORP., d/b/a             )
   SPACEX,                                )
26                                        )
                           Defendant.     )
27                                        )
                                          )
28

                                      - 1 -

1    COMES NOW Plaintiff, TRANSGROUP EXPRESS, LLC, f/k/a

2  TRANSGROUP EXPRESS, INC. d/b/a TRANSGROUP WORLDWIDE LOGISTICS,

3  (hereinafter referred to as "TransGroup" or "Plaintiff"), for its Complaint against

4  Defendant SPACE EXPLORATION TECHNOLOGIES, CORP. d/b/a SPACEX

5  (hereinafter referred to as "SpaceX" or "Defendant") , alleges on information and belief

6  as follows:

7  **JURISDICTION AND VENUE**

8    1.    The jurisdiction of this Court is based upon the Interstate Commerce

9  Commission Termination Act of 1995 ("ICCTA") and 49 U.S.C. § 1746 (Carmack

10  Amendment).  Moreover, the Court has jurisdiction as the matter arises out of a federal

11  question pursuant to 28 U.S.C. § 1331.  Finally, as noted herein, the Plaintiff and

12  Defendant are diverse in citizenship and the amount in controversy exceeds $75,000

13  exclusive of interest and costs.  Therefore, diversity of citizenship also exists.

14    2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in

15  that Defendant's place of business are within the judicial district of this Court, and they

16  reside within the judicial district of this Court.  Moreover, the transactions that form the

17  basis for the subject contracts occurred within the judicial district of this Court, and the

18  cargo at issue was moved within the judicial district of this Court.

19  **PARTIES**

20    3.    At all material times, Plaintiff TransGroup was and still is a business

21  entity incorporated in the state of Washington with its principal place of business in

22  Seattle, Washington.

23    4.    Plaintiff TransGroup is informed and believes and thereupon alleges

24  that at all material times, Defendant SpaceX was and still is a business entity

25  incorporated in the state of Delaware with its principle place of business in Hawthorne,

26  California.

27  / / /

28  / / /

- 2 -

KYL4817-6054-3044.2

# FACTUAL BACKGROUND

5.      This is an action for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 seeking a declaration that the Plaintiff's liability, if any, to SpaceX is limited in accordance with the contracts of carriage and the Carmack Amendment to $.50 per pound for the damaged cargo in dispute totaling $10,000 or less.

6.      TransGroup was at all material times a provider of logistic services. Since 2014 TransGroup has provided such services to the Defendant SpaceX.

7.      Prior to March 10, 2016, TransGroup had provided logistic services pursuant to its standard form waybill, terms and conditions and tariff for SpaceX on approximately thirty or more occasions.

8.      On March 10, 2016, SpaceX corresponded with TransGroup requesting a quote for transportation of one pallet and three carts weighing approximately 25,800 pounds for transportation from the SpaceX facility in Hawthorne, California to the Kennedy Space Center in Florida.  The request sought a quote for a dedicated flatbed truck to transport the four items commencing on or about March 14-15, 2016.  In their request, SpaceX identified all equipment as "tarped."

9.      On that same day, TransGroup advised SpaceX that it could transport the cargo for an agreed freight of $5,950 with approximate transit time of three to six business days.  SpaceX accepted TransGroup's offer that day or the next.

10.      On March 14, 2016, one day prior to loading, TransGroup sent SpaceX a copy of the TransGroup bill of lading for the cargo which was to be loaded the following day.

11.      The face of the bill of lading provides a location for the shipper, SpaceX, to insert either an "Insured Value" or a "Declared Value."  Immediately adjacent to these two provisions, the bill of lading states as follows:

> Unless otherwise noted as insured or declared value, our
> liability on freight will not exceed $.50 per pound.

- 3 -

KYL4817-6054-3044.2

12.     Below that provision is another provision which states "TransGroup's open marine cargo policy for shipper's interest and legal liability coverage is available upon request."

13.     Other provisions in the bill of lading indicate that the carriage reflected in the waybill is subject to the governing tariffs in effect on the date hereof and that the tariffs are available for inspection by the parties and are incorporated into and made a part of this contract.

14.     The reverse side of the bill of lading states, among other things:

2.     CARRIER TARIFFS GOVERN – IT IS MUTUALLY AGREED THAT THE SHIPMENT DESCRIBED HEREIN, ACCEPTED ON THE DATE HEREOF IN APPARENT GOOD ORDER (EXCEPT AS NOTED) FOR CARRIAGE AS SPECIFIED HEREIN SUBJECT TO GOVERNING TARIFFS IN EFFECT AS OF THE DATE HEREOF, SAID TARIFFS ARE AVAILABLE FOR INSPECTION BY THE PARTIES HERETO AND ARE HEREBY INCORPORATED INTO AND MADE PART OF THIS CONTRACT.

3.     LIABILITY LIMITS – ARE 50 CENTS PER POUND WITH A MINIMUM OF $50.00, FOR LOST AND/OR WEIGHT OF DAMAGED PORTION OF SHIPMENT, WHICHEVER IS GREATER, UNLESS A HIGHER VALUE IS DECLARED HEREIN, APPLICABLE CHARGES PAID THEREON.    HOWEVER, CERTAIN COMMODITIES MAY BE DEEMED TO HAVE A LESSER VALUE, IN WHICH CASE THAT VALUE AS STATED IN GOVERNING TARIFFS WILL APPLY.    IN THE EVENT OF A CLAIM CARRIER SHALL BE LIABLE FOR PHYSICAL LOSS AND/OR DAMAGE ONLY.

15.     On March 15, 2016, TransGroup's appointed agent BSL Express Trucking arrived at the SpaceX premises.  SpaceX loaded the four units onto the trucker's flatbed truck.  Each piece was tarped.  SpaceX identified two locations on each piece through which straps could be placed to lash the cargo while on route from

KYL4817-6054-3044.2

1  California to Florida.

2      16.    The cargo was loaded by SpaceX and secured to the truck to the

3  satisfaction of SpaceX.  Upon completion the driver departed SpaceX's Hawthorne,

4  California facility destined for Cape Kennedy, Florida.

5      17.    While traveling near Needles, California, the driver saw that the tarp

6  was becoming detached from the cargo.  He slowed his truck intending to bring it to a

7  stop on the highway shoulder.  As he slowed, he saw the last pallet roll off of the trailer

8  and onto the pavement behind the truck, damaging it.  This was the first time the

9  trucker became aware that the pallet was on wheels and that the wheels were not locked

10 or blocked in place.  Prior to this, the entire crate was tarped in such a way that the

11 wheels were not observable.

12     18.    On or about April 8, 2016, SpaceX corresponded with TransGroup

13 advising them of their claim for alleged damages to the pallet total $484,000.00.  In

14 subsequent correspondence with SpaceX's counsel, this amount was reduced to

15 $393,364.00.

16     19.    Upon information and belief, the unit damaged during transportation

17 weighs 10,000 pounds or less.

## FIRST CAUSE OF ACTION

### (For Declaratory Relief)

20     20.     TransGroup refers to and incorporates by reference as though set

21 forth herein at length its allegations contained in paragraphs 1 through 19 above. There

22 is an actual controversy between the parties; and

23     21.    A declaratory judgment would resolve that controversy.  The

24 contract of carriage between TransGroup and SpaceX is found in the waybill, the terms

25 and conditions on the reverse side of the waybill and the TransGroup tariff.  According

26 to the contract of carriage and in accordance with the Carmack Amendment,

27 TransGroup's liability for any loss of damage to the cargo reflected on the waybill is

28 limited to $.50 per pound of damaged cargo.

KYL4817-6054-3044.2

22.    The Court should grant declaratory relief in favor of the Plaintiff limiting its liability to SpaceX to $5,000 or less depending on the weight of the unit damaged.

23.    TransGroup seeks a declaration of the rights and liabilities of TransGroup and SpaceX pursuant to 28 U.S.C. Section 2201.

## **PRAYER**

WHEREFORE, TransGroup prays for judgment against the Defendants, and each of them, as follows:

1.    That the Court enter a declaratory judgment limiting the Plaintiff's liability to the Defendant to $.50 per pound for the damaged unit, and granting Plaintiff such and other further relief which this Court determines it is entitled.

DATED:  March 1, 2017

/S/ CHRISTOPHER R. FARNSWORTH
JAMES A. MARISSEN
CHRISTOPHER R. FARNSWORTH
KEESAL, YOUNG & LOGAN

/S/ THOMAS L. TISDALE
THOMAS L. TISDALE
TISDALE LAW OFFICES, LLC,
Of Counsel

Attorneys for Plaintiff
TRANSGROUP EXPRESS, LLC f/k/a
TRANSGROUP EXPRESS, INC. d/b/a
TRANSGROUP WORLDWIDE
LOGISTICS

KYL4817-6054-3044.2